DIXON, Justice.
Rayfield Banks was charged in a bill of information with the crime of armed robbery. R.S. 14:64. After a trial by jury he was found guilty and sentenced to fifteen years imprisonment.
The defendant appeals his conviction and sentence, relying on one perfected bill of exceptions.
The bill of exceptions is taken to the trial judge’s refusal, at the end of the trial, to specially admonish the jury in a manner requested by defense counsel. The substance of defense counsel’s request was that the jury be instructed to disregard the victim’s in court identification of the defendant. It was alleged by counsel for the defendant that the police had conducted an illegal and suggestive “one man line-up” which irreparably tainted the subsequent “in court” identification by the victim, the State’s only eyewitness to the crime.
The victim of the robbery, Robert Jackson, had identified the defendant from a group of mug shots which were shown to him by the police the day after the crime was committed. Approximately three weeks after the commission of the crime, the police apprehended the defendant and brought him to the police station. Robert Jackson received notification at his employer’s office that he was to appear at the police station for a “line-up identification.”
Mr. Jackson proceeded to the police station and, upon entering the detective’s office, immediately recognized the defendant as the robber. The defendant at this time was sitting in a chair adjacent to a detective’s desk using the telephone. Shortly thereafter, the detectives with whom Mr. Jackson was scheduled to meet entered the room and Jackson, at his own instance, informed them that defendant was the robber. Prior to Mr. Jackson’s identification of the defendant at the station, no one had requested that he make an identification. His identification was spontaneous.
An in court identification which has been tainted by an out of court identification process which is unnecessarily suggestive and unnecessarily' conducive to irreparably mistaken identification must be *185 excluded from'evidence.[1] However, we do not find that the circumstances surrounding this out of court identification were suggestive or conducive in any manner to mistaken identification.
Accordingly, this bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.

. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).